**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STRATTON CONOVER,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JOSEPH F. MAZURKIEWICZ, et al.,** | : | **CIVIL ACTION NO. 12-1594** |
| | : | |
| **Respondents.** | : | |

## ORDER

**AND NOW**, on this _28th_ day of March, 2013, upon careful and independent consideration of the petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of the United States Magistrate Judge Linda K. Caracappa, **IT IS ORDERED** that:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**. [1]

---

[1] When objections are filed to a magistrate judge's report and recommendations, the District Court is required to make a de novo determination of those portions of the report, findings, or recommendations made by the magistrate judge to which there are objections. See 28 U.S.C. § 636(b)(1); Rule 72.1 (IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district court judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. Id. The district court may accept, reject, or modify, in whole or in part, any part of the findings or recommendations made by the magistrate judge. Id.

Petitioner asserts five claims in his habeas petition: (1) the trial court erred in failing to suppress the confession, as the confession and Miranda Rights answers were fabricated by Detective Lubiejewski; (2) the evidence was insufficient to prove third degree murder, as malice was not proven beyond a reasonable doubt; (3) the trial court committed plain error when it allowed the jury to take a copy of petitioner's confession in the deliberation room; (4) the verdict was against the weight of the evidence; and (5) trial counsel was ineffective for failing to argue that the verdict was against the weight of the evidence.

1

2. The petition for Writ of Habeas Corpus is **DENIED** with prejudice.

3. There is no probable cause to issue a certificate of appealability.[2]

4. The Clerk of the Court shall mark this case closed for statistical purposes.

**BY THE COURT:**

*Petrese B Tucker*

**Hon. Petrese B. Tucker, U.S.D.J.**

---

Magistrate Judge Carcappa's Report and Recommendation found that all of these claims were either procedurally barred, not cognizable on federal habeas review, or meritless. Petitioner's objections do not address any of the magistrate judge's findings and are nothing more than a restatement of the underlying claims contained in his petition. Thus, Petitioner fails to properly raise any objections to the findings of the Report and Recommendation for this Court to consider. As Judge Caracappa's Report and Recommendation correctly and comprehensively addressed all of Petitioner's claims in his petition, this Court fully approves and adopts Judge Caracappa's recommendation that Petitioner's Writ of Habeas Corpus be denied with prejudice.

[2]     Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is issued, the district court must make a determination as to whether a certificate of appealability should be issued. See 3d. Cir. L.A.R. 22.2. A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d. 542 (2000) (internal citations and quotations omitted). In the present matter, the Court finds that reasonable jurists would not debate whether the Magistrate Judge and this Court erred in disposing of the Petition, and Petitioner does not suggest otherwise in his objections. Therefore, the certificate of appealability is denied.

2